**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

(302) 573-6277
FAX (302) 573-6220

April 25, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Court Judge
District of Delaware
844 King Street
Wilmington, DE 19801

    Re:    United States v. Mynor Rene Ruano
             Criminal Action No. 07-15-JJF

Dear Judge Farnan:

      The defendant has agreed to change his plea pursuant to the enclosed Memorandum of Plea Agreement. The parties respectfully request that the Court schedule a Change of Plea hearing with counsel. An original, executed Memorandum will be submitted at the Change of Plea hearing.

                                  Respectfully submitted,

                                    COLM F. CONNOLLY
                                  United States Attorney

                    BY: _____
                           Ilana H. Eisenstein
                           Assistant United States Attorney

Enclosure

cc:    Eleni Kousoulis, Esquire
       Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| v. : | Criminal Action No. 07-15-JJF |
| MYNOR RENE RUANO, : | |
| Defendant. : | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Ilana H. Eisenstein, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Mynor Rene Ruano, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant, Mynor Rene Ruano, agrees to plead guilty to Count One of the Indictment charging him with reentry after deportation in violation of Title 8, United States Code, Section 1326(a), which carries a maximum penalty of imprisonment of not more than 2 years, a $250,000 fine, or both, 1 year of supervised release, and a $100.00 special assessment.

2.  The defendant understands that the elements of the offense to which he is pleading guilty are that: (a) the defendant is an alien; (b) the defendant was deported or removed from the United States; (c) subsequent to his deportation or removal, the defendant

was found in the United States; (d) the defendant was voluntarily in the United States; and (e) neither the Attorney General of the United States, nor the Undersecretary for Border and Transportation Security, Department of Homeland Security, had consented to the defendant's reentry or such consent was not required.

3. The defendant agrees to pay the $100 special assessment at the time of sentencing.

4. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-level reduction under USSG §3E1.1(a) based on the defendant's conduct to date.

5. The United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the sentencing court upon appeal.

6. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. §3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. He understands that the final determination of the sentence will be up to the sentencing judge. The defendant

understands that the Court is not bound by a stipulation between the parties, and, if the Court imposes a sentence which is different than he expects, or contrary to any recommendation of his attorney or the United States, that he will not be allowed to withdraw his guilty plea.

7. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

BY: _____

_____
Mynor Rene Ruano
Defendant

Ilana H. Eisenstein
Assistant United States Attorney

_____
Eleni Kousoulis, Esquire
Attorney for Defendant

Dated:

**AND NOW**, this ___ day of _____, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE JOSEPH J. FARNAN, JR.
United States District Court Judge

3